IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL GONZALES,

       Plaintiff,

v.                                                                   No. 2:23-cv0578 DLM

FRANK BISIGNANO,
Commissioner of the Social
Security Administration,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Michael Gonzales's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b). (Doc. 23.) Gonzales seeks $16,401.00 in attorney's fees based on 32.1 hours of work at a rate of roughly $510.93 per hour.[1] (*See id.* at 1; Doc. 23-1 at 12.) The Commissioner responded and confirmed he "neither supports nor opposes" the requested fee. (*See* Doc. 25 at 1.) Having considered the record, submissions of counsel, and relevant law, the Court will **GRANT** the motion.

**I.**     **Relevant Background**

Gonzales filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) with the Social Security Administration on September 16, 2019, alleging a disability onset date of May 27, 2017. (Administrative Record[2] (AR) at 292, 299.) Disability Determination Services (DDS) denied his application initially and on reconsideration, and

---

[1] This hourly rate is an approximation, as 1.5 hours of the total hours worked were performed by a paralegal. (*See* Doc. 23-1 at 12.) The Court did not account for the paralegal's lower hourly rate when calculating this figure.

[2] Document 9 contains the sealed Administrative Record. (Docs. 9-2–9-9.) The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

Administrative Law Judge (ALJ) Susan Smoot issued an unfavorable decision finding Gonzales not disabled. (*Id.* at 10–24, 98–181.) Gonzales filed suit in this Court on July 11, 2023. (Doc. 1.) After he filed a Memorandum in Support of Motion for Judgment on the Pleadings (Doc. 12-3), the Commissioner filed an Unopposed Motion for Remand pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 18), which the Court granted (Doc. 19).

On remand, an ALJ found Gonzales disabled. (*See* Doc. 23 at 2.) In its Notice of Award, the Social Security Administration informed Gonzales that it was withholding 25 percent of his past due benefits—or $24,401.00—to pay his representative. (*See* Doc. 23-1 at 4.) The Court previously granted attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $7,000.00. (*See* Doc. 22.)

Gonzales now asks the Court to award his attorney's firm, Konoski & Partners, P.C., a fee of $16,401.00, which is approximately 16.8 percent of Gonzales's total past-due benefits, minus the $7,000 EAJA fee award.[3] (*Id.* at 1, 5.) Konoski & Partners, P.C. has represented Gonzales since 2023. (*See* Doc. 23-1 at 12.) Two attorneys (Bryan Konoski and Jason Quick) and one paralegal (Daniel Gardner) from the firm have worked on Gonzales's case. (*See id.*) Konoski and Quick collectively worked 30.6 hours, and Gardner worked 1.5 hours. (*See id.*)

**II.   Legal Standard**

Attorneys who litigate on behalf of "Social Security claimants may receive fee awards under both the EAJA and 42 U.S.C. § 406." *See Ortega v. Kijakazi*, No. 1:20-cv-1245 GBW, 2023 WL 372878, at *2 (D.N.M. Jan. 24, 2023). An attorney who receives a fee award under both the

---

[3] $24,401 (25 percent of the past due benefit award) x 4 = $97,604.
$16,401 / $97,604 = 16.8%.
The Commissioner asks the Court to assess the reasonableness of the requested fee based on the full fees sought ($16,401), rather than the net award after offset ($9,401). (*See* Doc. 25 at 2.) The Court has assessed the reasonableness of the request based on the full amount requested.

EAJA and § 406(b) "must refund the smaller award to the claimant." *Id.* at *2 n.2 (citing *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986)). Fees may be awarded by the Court under § 406(b) on receipt of past-due benefits. *Id.* at *2 (citing *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006)). In awarding fees, the Court is guided "by two conditions: a 25 percent cap and a reasonableness standard." *Id.* Section 406(b)(1)(A) provides that fees may not exceed 25 percent of the total past-due benefits awarded to a plaintiff following a favorable judgment. *See id.* "This cap applies 'only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b).'" *Id.* (quoting *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019)). The Court is further directed to award "reasonable" fees. *See id.* (citing 42 U.S.C. § 406(b)(1)(A)). It is the burden of the claimant's attorney to show the requested fee is reasonable. *Id.* (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).

To determine whether a requested fee award is reasonable, the Court examines "the character of the representation and the results the representative achieved." *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). The Court may "consider factors such as (1) whether the representation was substandard, (2) whether the attorney was responsible for any delay that caused benefits to accrue, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* (citing *Gisbrecht*, 535 U.S. at 808; *Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010)). With respect to the third factor, the Court guards against a windfall award by comparing the requested fee to other awards in this district. *See id.* (citing *Gisbrecht*, 535 U.S. at 808).

### III.   Analysis

Gonzales requests a fee of $16,401, which is approximately 16.8 percent of his total past-due benefits and lower than the 25% cap permitted under § 406(b). (*See* Doc. 23 at 2–3.) He further asks the Court to reduce the award by $7,000.00 for a net total fee of $9,401.00. (*See id.* at 1.)

3

The Court finds the representation was adequate, as Gonzales received a favorable decision. (*See id.* at 2.) There is no evidence that counsel delayed the proceedings. Gonzales's attorneys, who are experienced in this area, spent 30.6 hours on this matter, which appears to be reasonable. (*See* Doc. 23-1 at 12.) *See also Martinez v. Colvin*, No. 1:15-cv-0806 LF, 2016 WL 9774938, at *2 (D.N.M. Nov. 30, 2016) (gathering cases). Lastly, the time spent and fee award are both reasonable and on par with others in this district. *See Ortega*, 2023 WL 372878, at *3–4 (awarding $599 per hour and gathering cases in support). Considering the foregoing, I find the fee request is reasonable and appropriate.

**IT IS HEREBY ORDERED** that Gonzales's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 23) is **GRANTED** and that the Court authorize $9,401.00[4] ($16,401.00 minus the $7,000.00 EAJA fee award, in accordance with *Gisbrecht*, 535 U.S. at 796.) in net attorney fees for legal services rendered in this Court, to be paid by the Social Security Administration out of Gonzales's past-due benefits in accordance with agency policy.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

---

[4] If for some reason the full award ($16,401) is paid, the Court directs counsel to refund to Gonzales the EAJA fee of $7,000.00 previously awarded by this Court in accordance with *Gisbrecht*, 535 U.S. at 796.